Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff and the Proposed Classes*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WESLEY GACHETT, *on behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>DEVILLE ASSET MANAGEMENT, LTD;<br>VIP CAPITAL CORPORATION;<br>JBL HOLDINGS LLC;<br>JAY B. LEDFORD; and<br>JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Wesley Gachett, by way of Class Action Complaint against Defendants DeVille Asset Management, LTD; VIP Capital Corporation, JBL Holdings LLC, and Jay B. Ledford (and John Does 1 to 10) states:

### I.    NATURE OF THE ACTION

1.    This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.    As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by, *inter alia,* failing to identify the name of the creditor to whom the debt is owed and by failing to disclose that the balance would increase due to interest or other charges.

## II.    JURISDICTION AND VENUE

3.      This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.      Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.    PARTIES

5.      Plaintiff Wesley Gachett ("Plaintiff" or "Gachett") is a natural person residing in Essex County, New Jersey.

6.      Defendant DeVille Asset Management, LTD, ("DAM") is a collection agency with its principal place of business at 1132 Glade Road, Colleyville, Texas, 76034.

7.      Defendant VIP Capital Corporation ("VIP") is a Texas corporation with its principal place of business at 500 South Taylor, Lobby Box 241, Amarillo, Texas 79101.

8.      Defendant JBL Holdings LLC ("JBL") is a Texas limited liability company with its principal place of business at 1132 Glade Road, Colleyville, Texas, 76034.

9.      Defendant Jay B. Ledford, ("Ledford") is the shareholder, partner, president, secretary, treasurer and director of DAM.

10.     The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoings alleged in this Complaint.

11.     In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.    FACTS

### A.  Background

12.     Defendants are not in the business of extending credit, selling goods or services to consumers.

13.     Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

14.     The principal purpose of Defendants is the collection of debts.

15.     When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

16.     Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

17.     The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

18.     The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

19.     Defendants contend that the Account was past-due and in default.

20.     Defendants are debt collectors.

21.     The Account was assigned to Defendants for collecting the Debt.

22.     The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

### B. Failure to Identify the Creditor

23.     In an attempt to collect the consumer debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on November 13, 2017 (the "DAM Letter"). A true but redacted copy of the DAM Letter is attached as **Exhibit A**.

24.     Plaintiff received and reviewed the DAM Letter.

25.     The DAM Letter does not identify the name of the creditor to whom the debt is owed.

26.     The DAM Letter states: "Re: BorrowersFirst LOT707".

27.     By failing to identify the creditor of the Debt, the DAM Letter leaves the least sophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

28.     Defendants' failure to identify the creditor is false, deceptive, and misleading, which is in violation of the FDCPA.

### C. Failure to Warn that Balance Will Increase Due to Interest or Other Charges

29.     Defendants failed to disclose that the balance was accruing interest or other charges on a daily basis which the creditor would attempt to collect in the future.

30.     The DAM Letter does not disclose that, since the Account is continuing to accrue interest, costs, and other charges, the balance might be greater on the later date Plaintiff makes a payment.

31.     The DAM Letter fails to disclose that the creditor of the Account would be attempting to collect the additional interest, costs, and other charges which continue to accrue.

32.     The least sophisticated consumer would be uncertain as to whether the current balance was continuing to accrue interest, costs or other charges because there was no disclosure that the balance would continue to accrue interest, costs or other charges.

33.     In the DAM Letter, Defendants represented that the balance due was $3,269.42.

34.     However, the balance of the Account increased to $3,272.54; as evidenced by a subsequent collection letter from Central Portfolio Control, Inc.

35.     A true copy of the subsequent collection letter from Central Portfolio Control, Inc., but with redactions, is attached as **Exhibit B**.

36.     The DAM Letter failed to clearly and accurately state the amount of the debt as required by the FDCPA.

37.     "Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, . . . the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees."[1]

38.     Defendants failed to inform Plaintiff that the Account was continuing to accrue interest, costs and other charges, that the balance stated in the DAM Letter was not a static amount, and that the balance stated on the letter included additional interest and amounts.

39.     It is the Defendants' policy and practice to fail to disclose that the balances are continuing to accrue interest, to fail to disclose the balances stated in the letters are not a static amount, to fail to disclose the balances stated on the letters included additional interest, costs and other amounts, and to fail to disclose the correct balance; which is an unfair, unconscionable, false, deceptive and misleading practice violative of the FDCPA.

---

[1] *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016); *see also Douglass v. Forster & Garbus LLP*, No. 16-CV-6487, 2016 U.S. Dist. LEXIS 148351 (W.D.N.Y. Oct. 26, 2016).

40.     Therefore, the DAM Letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

41.     Defendants engaged in unfair and deceptive acts and practices, in violation of, inter alia, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692g, and 1692g(a)(2).

## V.     CLASS ACTION ALLEGATIONS

42.     This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of the Classes initially defined as follows:

> **Class A**: All natural persons with addresses in the State of New Jersey to whom, beginning November 13, 2017, through and including the final resolution of this case, DeVille Asset Management, LTD, sent a written communication which does not identify the name of the creditor to whom the debt is owed.

> **Class B**: All natural persons with addresses in the State of New Jersey to whom, beginning November 13, 2017, through and including the final resolution of this case, DeVille Asset Management, LTD, sent a written communication which does not disclose that the balance will increase due to interest or other charges when, in fact, balance does increase.

43.     Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Classes, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the

foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the DAM Letter.

44.     Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

45.     The Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

46.     There are questions of law and fact common to the members of the Classes that predominate over questions affecting only individuals, including but not limited to:

      A.     Whether Defendants are debt collectors under the FDCPA;

      B.     Whether Defendants violated the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692g, 1692g(a)(1), and 1692g(a)(2); and

      C.     Whether Plaintiff, and the Classes are entitled to damages.

47.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  The FDCPA statutory scheme provides for statutory damages payable to each class member.  A class action will cause an orderly and expeditious administration of the claims of the Classes and will foster economies of time, effort and expense.

48.     The claims of the Plaintiff are typical of the claims of the members of the Classes.

49.     The questions of law and/or fact common to the members of the Classes predominate over any questions affecting only individual members.

50.     Plaintiff does not have interests antagonistic to those of the Classes.

51.     The Classes, of which Plaintiff is a member, is readily identifiable.

52.    Plaintiff will fairly and adequately protect the interests of the Classes, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

53.    The prosecution of separate actions by individual members of the Classes would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

54.    Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI.    VIOLATIONS OF THE FDCPA

55.    Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

56.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

57.    The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

58.    Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

59.    Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

60.    The DAM Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

61.    By failing to identify the name of the creditor to whom the debt is owed, and by failing to warn that the balance will increase due to interest or other charges, Defendants violated the FDCPA, including but not limited to the following:

    a.    Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e, including but not limited to sections 1692e(2)(A), 1692e(5), and 1692e(10);

    b.    Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f;

    c.    Defendants failed to state the amount of the debt and the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), and 1692g(a)(2).

62.    The violations of the FDCPA described herein constitute *per se* violations.

63.    Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Wesley Gachett demands judgment against Defendants DeVille Asset Management, LTD; VIP Capital Corporation, JBL Holdings LLC, and Jay B. Ledford as follows:

    A.    For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

    B.    For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

    C.    For statutory damages in favor of the Classes pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

    D.    For actual damages in favor of Plaintiff, the Classes pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff, the Classes, a negative tax consequence;

E.       For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F.       For pre-judgment and post-judgment interest; and

G.      For such other and further relief as the Court deems equitable and just.

## VIII.    JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/ Yongmoon Kim*

Dated: November 13, 2018        Yongmoon Kim
*Attorneys for Plaintiff and the Proposed Classes*